FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 28, 2019

SEAN F. McAVOY, CLERK

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JERRY W., | No. 4:18-CV-05144-JTR |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 14, 16. Attorney D. James Tree represents Jerry W. (Plaintiff); Special Assistant United States Attorney Leisa A. Wolf represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment.

### JURISDICTION

Plaintiff filed an application for Disability Insurance Benefits (DIB) on July 24, 2014, Tr. 73, alleging disability since March 8, 2013, Tr. 180, due to a back injury, chronic pain, acid reflux, and irritable bowel syndrome, Tr. 229. The application was denied initially and upon reconsideration. Tr. 94-96, 101-06.

ORDER GRANTING PLAINTIFF'S MOTION - 1

Administrative Law Judge (ALJ) Stewart Stallings held a hearing on June 1, 2017 and heard testimony from Plaintiff and vocational expert Fred Cutler. Tr. 34-72. The ALJ issued an unfavorable decision on October 2, 2017. Tr. 15-28. The Appeals Council denied review on June 26, 2018. Tr. 1-5. The ALJ's October 2, 2017 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on August 27, 2018. ECF Nos. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 34 years old at the alleged onset date. Tr. 34. He completed two years of college in 2011. Tr. 230. His reported work history includes the jobs of forklift driver, guest services, newspaper deliverer, night clerk/cashier, and security manager. Tr. 217, 230. When applying for benefits Plaintiff reported that he was still working in guest services, but that as of March 18, 2013 his conditions caused him to make changes in his work activity and he had not earned over $1,040.00 in any month. Tr. 229-30.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once the claimant establishes that physical or mental impairments prevent him from engaging in his previous occupations. 20 C.F.R. § 404.1520(a). If the claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) the claimant can perform specific jobs which exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, he is found "disabled". 20 C.F.R. § 404.1520(a)(4)(v).

## ADMINISTRATIVE DECISION

On October 2, 2017, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act from March 8, 2013 through the date of the decision.

1    At step one, the ALJ found Plaintiff had not engaged in substantial gainful

2  activity since March 8, 2013, the alleged date of onset.  Tr. 17.

3    At step two, the ALJ determined that Plaintiff had the following severe

4  impairments: degenerative disc disease; status post fusion of the lumbar spine; heel

5  spur; irritable bowel syndrome; obesity; headaches; and depression.  Tr. 17.

6    At step three, the ALJ found that Plaintiff did not have an impairment or

7  combination of impairments that met or medically equaled the severity of one of

8  the listed impairments.  Tr. 20.

9    At step four, the ALJ assessed Plaintiff's residual function capacity and

10  determined he could perform a range of sedentary work with the following

11  limitations:

> He could stand or walk for about 6 hours in an 8-hour workday and sit
> for about 6 hours in an 8-hour workday.  He would need a sit/stand
> option every 30 minutes if needed for five minutes while remaining at
> the workstation.  He needs use of a cane for prolonged ambulation on
> uneven terrain.  He could never climb ladders, ropes, and scaffolds, but
> could occasionally climb ramps and stairs.  He could rarely stoop or
> kneel, with occasional crouching and balancing, and no crawling.  He
> would need to avoid all exposure to extreme cold, extreme heat,
> extreme wetness, and humidity, and exposure to irritants such as fumes,
> odors, dust, and gases in poorly ventilated areas in an industrial setting.
> There can be no use of moving or dangerous machinery or exposure to
> unprotected heights.  He is capable of work where concentration
> (defined as careful, exact evaluation and judgment) is not critical for
> the job and not at a production pace.

Tr. 22-23.  The ALJ identified Plaintiff's past relevant work as security merchant

patroller, newspaper carrier, security guard, bartender, waiter, material handler,

and industrial truck operator and found that he could perform his past relevant

work as a newspaper carrier.  Tr. 28.

    As an alternative to an unfavorable decision at step four, the ALJ made a

step five determination  that, considering Plaintiff's age, education, work

experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of cashier II, agricultural produce sorter, and hand packager. Tr. 26-27. The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act from March 8, 2013, through the date of the ALJ's decision. Tr. 28.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to find Plaintiff's fibromyalgia and chronic pain syndrome as medically determinable at step two, (2) failing to make a proper step three determination, and (3) failing to properly address Plaintiff's symptom statements.

## DISCUSSION

### 1. Step Two

Plaintiff challenges the ALJ's step two determination by asserting that he failed to address fibromyalgia and chronic pain syndrome. ECF No. 14 at 4-6.

To show a severe impairment, the claimant must first establish the existence of a medically determinable impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms, a diagnosis, or a medical opinion is not sufficient to establish the existence of an impairment. 20 C.F.R. § 404.1521. "[O]nce a claimant has shown that he suffers from a medically determinable impairment, he next has the burden of proving that these impairments and their symptoms affect his ability to perform basic work activities." *Edlund v. Massanari*, 253 F.3d 1152, 1159-60 (9th Cir. 2001). At step two, the burden of proof is squarely on the Plaintiff to establish the existence of any medically determinable impairment(s) and that such impairments(s) are severe. *Tackett*, 180 F.3d at 1098-99 (In steps one through

four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.).

The step-two analysis is "a de minimis screening device used to dispose of groundless claims." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005). An impairment is "not severe" if it does not "significantly limit" the ability to conduct "basic work activities." 20 C.F.R. § 404.1522(a). Basic work activities are "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b).

The ALJ identified Plaintiff's severe impairments as degenerative disc disease, status post fusion of the lumbar spine, heel spur, irritable bowel syndrome, obesity, headaches, and depression. Tr. 17. He acknowledged that Plaintiff was diagnosed with chronic pain in July of 2013. *Id*. He also stated that in May and June of 2016, Plaintiff's treatment notes included the impression of chronic pain syndrome. Tr. 18. However, these acknowledgements were made as part of the discussion of Plaintiff's degenerative disc disease and lumbar spine impairment. Tr. 17-18. The ALJ does not address whether the chronic pain syndrome is a medically determinable impairment or whether it is severe. Tr. 17-20. The ALJ does not discuss any diagnosis of fibromyalgia. *Id*.

Plaintiff has been diagnosed with both chronic pain syndrome and fibromyalgia throughout the record. Tr. 403, 415, 648, 650, 663, 665, 668, 670, 672, 674, 676, 678, 680, 682, 684, 686, 688, 690, 692, 694, 696, 698, 775, 787.

Defendant argues that since step two was resolved in Plaintiff's favor, any error would be considered harmless. ECF No. 16 at 8 *citing Lewis v. Astrue*, 498, F.3d 909, 911 (9th Cir. 2007). Plaintiff asserts that had the ALJ considered these diagnoses, it is unlikely that the ALJ would have rejected Plaintiff's symptom statements concerning pain. ECF No. 14 at 5. As such, Plaintiff argues this was harmful error. *Id*.

The Court recognizes that a diagnosis alone is insufficient to support the existence of a medically determinable impairment. 20 C.F.R. § 404.1521.

However, the case is being remanded for errors at step three, *see infra*, and the ALJ will address Plaintiff's chronic pain and fibromyalgia at step two upon remand.

**2.      Step Three**

Plaintiff alleges that the ALJ erred when addressing Listing 1.04 and his migraines at step three.  ECF No. 14 at 6-10.

If a claimant has an impairment or combination of impairments that meets or equals a condition outlined in the "Listing of Impairments," then the claimant is presumed disabled at step three, and there is no need to make any specific finding as to his ability to perform past relevant work or any other jobs.  20 C.F.R. § 404.1520(d).  "An ALJ must evaluate the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment.  A boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not do so."  *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001) *citing Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990) (holding that ALJ erred by failing to consider evidence of equivalence).

Since the Ninth Circuit's holding in *Lewis*, Social Security has promulgated a new Social Security Ruling (S.S.R.), which states that no explanation is required when finding a claimant does not meet or equal a listing:

> Similarly, an adjudicator at the hearings or [Appeals Council] level must consider all evidence in making a finding that an individual's impairment(s) does not medically equal a listing.  If an adjudicator at the hearings or [Appeals Council] level believes that the evidence already received in the record does not reasonably support a finding that the individual's impairment(s) medically equals a listed impairment, the adjudicator is not required to articulate specific evidence supporting his or her finding that the individual's impairment(s) does not medically equal a listed impairment.  Generally, a statement that the individual's impairment(s) does not medically equal a listed impairment constitutes sufficient articulation for this finding.  An adjudicator's articulation of the reason(s) why the individual is or is not disabled at a later step in the sequential evaluation process will provide rationale that is sufficient

for a subsequent reviewer or court to determine the basis for the finding about medical equivalence at step 3.

S.S.R. 17-2p.  Social Security Rulings are binding on ALJs, See 20 C.F.R. § 402.35(b)(1), but they do not carry the "force of law," *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009).  Since this S.S.R. took effect in March of 2017, the Ninth Circuit has continued to uphold it's finding in *Lewis* that "[a] boilerplate finding is insufficient to support a conclusion" that a claimant's impairment does not meet or equal a listing.  *See McMahon v. Berryhill*, 713 Fed.Appx. 693, 694 (9th Cir. 2018); *Cargill v. Berryhill*, 762 Fed.Appx. 407, 409 (9th Cir. 2019).  Therefore, the Court will continue to rely on *Lewis*.

### A.    Listing 1.04

When discussing Plaintiff's spinal impairments at step three, the ALJ stated the following:

> The medical evidence establishes degenerative disc disease of the lumbar and thoracic spine and heel spur, but the evidence does not satisfy the criteria of section 1.02 or 1.04.  Specifically, the record is devoid of evidence of nerve root compression, spinal arachnoiditis, lumbar spinal stenosis, or ineffective ambulation.  The applicable regulations provide that, to ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living.  The regulations provide the following, non-exclusive examples of ineffective ambulation: the inability to walk without the use of a walker, two crutches or two canes; the inability to walk a block at a reasonable pace on rough or uneven surfaces; the inability to use standard public transportation; the inability to carry out routine ambulatory activities, such as shopping and banking; and the inability to climb a few steps at a reasonable pace with the use of a single hand rail (20 CFR Part 404, Subpart P, Appendix 1 § 1.00B2b(2)).

Tr. 21.  Plaintiff argues that the ALJ's finding is not supported by substantial evidence.  ECF No. 14 at 7-8.

The record contains an MRI of the lumbar spine dated May 6, 2013 showing

right and left foraminal stenosis at L4-L5.  Tr. 643.  An August 16, 2016 exam included a straight leg raise test that elicited pain in the lower back while in the sitting position starting at 90 degrees bilaterally.  Tr. 722.  A CT scan in August of 2016 showed a pars defect between L4 and L5.  Tr. 727.  Imaging in September of 2016 showed "Small posterior disc bulges noted at L3-L4 and L4-L5.  There is narrowing the lateral recesses at L4-L5 which could cause possible compression of the traversing L5 nerve roots."  Tr. 792.  Additionally, the record shows that Plaintiff had an abnormal gait with the assistance of a cane.  Tr. 640, 690, 692, 694, 696, 698, 700, 702, 704, 725, 881, 882, 889, 898.

The ALJ's determination that the record was "devoid of evidence of nerve root compression, spinal arachnoiditis, lumbar spinal stenosis, or ineffective ambulation," is not supported by substantial evidence.  Therefore, the case is remanded for the ALJ to make a new step three determination regarding Plaintiff's spinal impairments.

**B.    Migraines**

When discussing Plaintiff's migraines at step three, the ALJ stated the following:

> There is no specific listing for migraine headaches, however, it is clear the claimant's headaches are part of a chronic pain syndrome (see diagnosis at Exhibit 13F/47).  Chronic pain is also not a listed impairment in 20 CFR Part 404, Subpart P, Appendix 1.  However, the 11th Circuit Court of Appeals has created a 3-prong pain standard, which requires the undersigned to determine if the claimant has established: (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged pain or restriction arising from that condition, or (3) evidence that the objectively determined medical condition is such that it can be reasonably expected to give rise to the claimed pain or restriction.  Foote v. Chater, 67 F.3d 1553, 1560-61 (11th Cir. 1995).

Tr. 21.  Plaintiff challenges the ALJ's discussion of his migraines for two reasons.  First, Plaintiff argues that the ALJ's treatment of migraines at step three failed to

evaluate relevant evidence and amounted to a boilerplate rejection. ECF No. 14 at 8-9. Initially, it is unclear what the ALJ intended by concluding that Plaintiff's migraines were part of a chronic pain syndrome, since he failed to find chronic pain syndrome medically determinable to step two. Tr. 21. Additionally, the Eleventh Circuit case and the three-prong test the ALJ referenced addresses how to evaluate a claimant's symptom statements regarding pain, not how to evaluate a pain disorder. *Foote*, 67 F.3d at 1560-61. Therefore, the ALJ erred in his step three analysis of Plaintiff's migraines by failing to evaluate relevant evidence.

Second, Plaintiff argues that the ALJ failed to compare Plaintiff's migraines to a similar listing to consider whether it equaled a listing. ECF No. 14 at 9. When there is no specific listing for an impairment, the ALJ is to compare the findings with those for a "closely analogous listed impairments." 20 C.F.R. § 404.1526(b)(2). Plaintiff relies on an example in the POMS DI 24505.015, ECF No. 14 at 9, which used to state the following:

> A claimant has chronic migraine headaches for which she sees her treating doctor on a regular basis. Her symptoms include aura, alteration of awareness, and intense headache with throbbing and severe pain. She has nausea and photophobia and must lie down in a dark and quiet room for relief. Her headaches last anywhere from 4 to 72 hours and occur at least 2 times or more weekly. Due to all of her symptoms, she has difficulty performing her ADLs [Activities of Daily Living]. The claimant takes medication as her doctor prescribes. The findings of the claimant's impairment are very similar to those of 11.03, Epilepsy, non-convulsive. Therefore, 11.03 is the most closely analogous listed impairment. Her findings are at least of equal medical significance as those of the most closely analogous listed impairment. Therefore, the claimant's impairment medically equals listing 11.03.

*Id*. at B.7.b. However, this provision of the POMS is no longer operative. See DI 24505.000 Impairment Severity, Subchapter Table of Contents, available at http://policy.ssa.gov/poms.nsf/lnx/0424505000 (accessed May 30, 2019).

Regardless of the applicability of this POMS provision, the Court may not reverse the ALJ's findings based solely on non-compliance with the POMS, which is not "judicially enforceable." *Kennedy v. Colvin*, 738 F.3d 1172, 1177-78 (9th Cir. 2013). However, the ALJ's discussion of Plaintiff's migraines at step three failed to evaluate the evidence, and set forth an incorrect standard from the Eleventh Circuit. *See supra*.

Defendant argues that the ALJ did consider Listing 11.00 in the first paragraph of his determination at step three and that Plaintiff's argument that he meets the listing is an alternative interpretation of the evidence. ECF No. 16 at 10 *citing* Tr. 20. While the ALJ did cite to Listing 11.00, he fell short of evaluating the evidence. Therefore, this reference to the listing in the decision is not enough to overcome the ALJ's error in his treatment of Plaintiff's migraines at step three. This case is remanded for a new determination at step three.

**3.      Plaintiff's Symptom Statements**

Plaintiff contests the ALJ's determination rejecting Plaintiff's symptom statements. ECF No. 14 at 10-21.

The ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's assertion of total disability under the Social Security Act is not supported by the weight of the evidence." Tr. 24. Specifically, the ALJ found that (1) Plaintiff's complaints were not supported by the objective medical evidence and (2) Plaintiff's activities of daily living did not support his allegation of total disability under the Social Security Act. Tr. 25.

Considering the case is being remanded for additional proceedings at step three with instructions for the ALJ to reconsider Plaintiff's chronic pain and fibromyalgia at step two, a new determination regarding Plaintiff's symptom statements is required if a residual functional capacity determination is necessary upon remand.

**REMEDY**

Plaintiff asks the Court to apply the credit-as-true rule and remand this case for an immediate award of benefits.  ECF Nos. 14 at 21.

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court.  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989).  Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court remands for an award of benefits.  *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017).  But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate.  *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

In this case, the Court withholds any finding regarding the reliability of Plaintiff's testimony.  Therefore, there is no testimony to credit as true under *Revels*.  A remand for further proceedings is appropriate.

**CONCLUSION**

Accordingly, **IT IS ORDERED:**

1.     Defendant's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

2.     Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED, in part,** and the matter is **REMANDED** for additional proceedings consistent with this Order.

3.     Application for attorney fees may be filed by separate motion.

1   The District Court Executive is directed to file this Order and provide a copy

2   to counsel for Plaintiff and Defendant.  **Judgment shall be entered for Plaintiff**

3   and the file shall be **CLOSED**.

4       DATED June 28, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE